UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNE LEVITT, individually and on behalf of others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HAVE A HEART COMPASSION CARE, INC. d/b/a A CANNABIS STOREY<br><br>　　　　　　　Defendant. | NO. 2:20-CV-01154<br><br>MOTION TO STAY PROCEEDINGS |

## I.　　INTRODUCTION

Because the United States Supreme Court will likely clarify legal issues that will have a significant impact on this case, Have a Heart Compassion Care, Inc. d/b/a A Cannabis Storey, ("Defendant") respectfully request that this Court issue an Order to stay this case until such time as the United States Supreme Court decides *Facebook, Inc. v. Duguid*, Appeal No. 19-511. When it issues its ruling in *Duguid,* the Supreme Court will likely provide insight on what constitutes an automated telephone dialing system ("ATDS").  That is a key issue in this case and could be dispositive.

## II.　　STATEMENT OF THE CASE

Plaintiff Anne Levitt ("Levitt") commenced this action on July 28, 2020. Her class action Complaint alleges Defendant sent her an unsolicited marketing text message in violation of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227.   Compl. at ¶¶ 15, 19 (Dkt. 1).

MOTION TO STAY PROCEEDINGS - 1

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Specifically, Plaintiff alleges that Defendant sent her this marketing text message through use of an 'Automated Telephone Dialing System' ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), in violation of 47 U.S.C. § 227(b)(1)(A)(iii). Compl. at ¶¶ 25, 32 (Dkt. 1).

The TCPA "prohibits the use of certain kinds of automated dialing equipment to call wireless telephone numbers absent advance consent." *ACA Int'l v. FCC,* 885 F.3d 687, 691 (D.C. Cir. 2018). Plaintiff alleges "[t]he telephone system Defendant used to send the message constitutes an ATDS." Compl. at ¶ 25 (Dkt. 1).

The statute defines an ATDS as:

The term "automated telephone dialing system" means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator, and (B) to dial numbers.

47 U.S.C. § 227(a)(1).

Liability under the TCPA is limited to those text messages sent using an ATDS. 47 U.S.C. § 227(b)(1).

Section 227(b)(1)(A)(iii), which applies the definition of ATDS to sent messages, has been a source of significant appellate disagreement. *See*, *Seefeldt v. Entm't Consulting Int'l*, 441 F. Supp. 3d 775 (E.D. Mo. Feb. 25, 2020) ("The TCPA has been the subject of much appellate discourse lately.")

In 2018, the D.C. Circuit held that a 2015 Federal Communication Commission ("FCC") rule improperly expanded the definition of what constitutes an ATDS under the TCPA. *ACA Int'l v. FCC*, 885 F.3d 687, 697 (D.C. Circuit 2018).

Seeking to clarify which devices qualify for an ATDS, the FCC's 2015 rule used a prospective definition of "capacity," including those devices which had the potential to be transformed into an ATDS by virtue of downloading an application or engaging in equipment or

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

software upgrades or updates, regardless of how onerous. The Court set aside this definition on the grounds that "[t]he TCPA cannot reasonably be read to render every smartphone an ATDS subject to the Act's restrictions, such that every smartphone user violates federal law whenever she makes a call or sends a text message without advance consent." *Id.*

Under the FCC's rule, the Court said, a person who wishes to send an invitation for a social gathering, and gets someone's number from a third party, would ostensibly commit a violation of federal law. *Id.* The D.C. Circuit held the FCC's interpretation of "capacity" was untenable:

> It is untenable to construe the term "capacity" in the statutory definition of an ATDS that brings within the definition's fold the most ubiquitous type of phone equipment known, used countless times each day for routine communications by the vast majority of people in the country. It cannot be the case that every uninvited communication from a smartphone infringes federal law, and that nearly every American is a TCPA-violator-in waiting, if not violator-in-fact.

*Id. at 698.*

Since the D.C. Circuit's decision, other federal courts have addressed what constitutes an autodialer under the TPCA. *Compare*, *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) (expanding the definition of autodialer), *with*, *Glasser v. Hilton Grand Vacations Co., LLC*, 2020 U.S. App. LEXIS 2481 (11th Cir. Jan. 27, 2020) (adopting a narrower definition of "capacity"). This split has led to consternation for litigants as to which definition of "autodialer" under the TCPA is operative.

On July 9, 2020, the United States Supreme Court granted certiorari in *Facebook vs. Duguid*,____ U.S.____ , 2020 WL 3885252 (July 9, 2020) (granting certiorari). The Supreme Court granted certiorari with respect to Question 2 in the Petition:

> 2. Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

MOTION TO STAY PROCEEDINGS - 3

Petition for Writ of Certiorari, *Duguid*, ___ U.S. ___ (No. 19-511) (Oct. 17, 2019). The Court heard oral argument in the *Duguid* December 28, 2020. *See*, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-511.html.

It is anticipated that the U.S. Supreme Court's decision will clarify what constitutes the use of an ATDS under the TCPA. This decision will also thus assuredly clarify what constitutes conduct giving rise to liability under 47 U.S.C. § 227(b)(1)(A)(iii). Therefore, this decision will bear on the issue of liability in this case. Compl. at ¶¶ 25, 32 (Dkt. 1).

### III.    STATEMENT OF THE ISSUE

Whether this case is properly stayed until the United States Supreme Court Decision in *Duguid v. Facebook, Inc.*, which will likely invalidate the FCC's interpretation of ATDS, which, if narrowed to include only equipment that has the current capacity to meet the definition of ATDS, would potentially moot the current matter.                                    **YES.**

### IV.    ARGUMENT

### A.    THE COURT HAS THE INHERENT POWER TO STAY PROCEEDINGS.

This Court has the power to stay this action pursuant to the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. No. Amer. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The Court may enter a stay when the Court finds "it is efficient for its own docket and the fairest course for the parties . . . pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Whether to grant a stay is well within this Court's discretion. *See*, *Lockeyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (district courts have the "discretionary power to stay

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

proceedings"). The Court must weigh the "competing interest which will be affected by the granting or refusal to grant a stay." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003, 2017 WL 4934205, at *3-4 (N.D. Cal. Nov. 1, 2017) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). These interests include (1) the possible damage resulting from the stay, (2) the hardship or inequity a party may suffer if required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law. *Hall*, 300 F.2d at 268.

      B.      APPLICATION OF THE *HALL* FACTORS SUPPORT STAYING THIS MATTER UNTIL THE DEFINITION OF ATDS IS DECIDED BY THE UNITED STATED SUPREME COURT.

*Duguid* is before the Supreme Court and will have a significant impact on not only this, but all currently open litigation involving allegations of improper text messaging under the Telephone Consumer Protection Act. On balance, the interest of the parties and the Court weigh in favor of granting a stay pending a decision in *Duguid.*

      1.      The Potential Prejudice or Hardship to the Parties Weighs in Favor of Staying this Matter Until the Supreme Court's Decision in *Duguid*.

As for the first *Hall* factor (damage caused by the stay), as well as the second (hardship to Defendant if stay is not granted), the balance of the potential prejudice or hardship weights in favor of a stay. Plaintiff would only suffer little, if any, harm should the Court stay this matter. Plaintiff's only potential damage is that of a delayed final judgment. Delay, however, is not sufficient to avoid a stay. As courts throughout the Ninth Circuit have recognized, a delay in recovering potential monetary damages is not sufficient prejudice to warrant the denial of a stay of proceedings. *See*, *e.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962) (noting that a delay in proceedings would only delay recovery of damages and thus the non-movant had "not made a strong showing

MOTION TO STAY PROCEEDINGS - 5

in support of its assertion that it will suffer irreparable damage and a miscarriage of justice"); *In re Am. Apparel S'holder Derivative Litig.*, No. CV-10-06576, 2012 WL 9506072, at *43 ("A delay in recovering potential monetary damages is not sufficient prejudice to warrant a denial of a stay."); *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV-08-5773, 2009 WL 1010842, at *4 (N.D. Cal. Apr. 14, 2009) ("Further, a delay in recovering potential monetary damages is not sufficient harm to warrant a stay.").

This conclusion is particularly appropriate when, as is the case here, the Complaint suggests Plaintiff has not actually suffered harm or will suffer harm in the future should the Court not immediately intervene. Although Defendant acknowledges the law in this Circuit (while reserving the right to appeal that issue) that Plaintiff suffered injury to confer standing, *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017), Plaintiff has not alleged he is entitled to any monetary because of any *actual* injury suffered. Rather, his only allegation is that he is entitled to statutory damages because of a violation. *See*, Compl. at 12-14 (Count 1 and Prayer for Relief) (Dkt. 1). These damages will not change while this case is stayed, as the alleged violations have already occurred and the computation of damages is a mere calculation. Additionally, Plaintiff has not alleged that he (or any putative class member) continues to receive unauthorized text messages or that this Court must quickly intervene to prevent future harm. Accordingly, Plaintiff will suffer little, if any, harm if a stay is granted.

The same cannot be said for Defendant if the stay is denied. Courts recognize that defendants bear the cost and inconvenience of asymmetric discovery in class action litigation. *See*, *e.g.*, *Amer. Bank v. City of Menasha*, 627 F.3d 266 (7th Cir. 2010) (Posner, J.) (explaining that class action plaintiffs use "discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit."). Not surprisingly,

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

therefore, when the Supreme Court granted certiorari in *Spokeo Inc. v. Robins*, 575 U.S. 982, 191 L. Ed. 2d 762 (2015), a case addressing standing under substantially similar legal issues present in this case, the district courts did not hesitate to stay proceedings pending the Supreme Court's review of a dispositive issue. *See*, *e.g.*, *Larroque v. First Advantage LNS Screening Sols.*, No. 15-CV-04684, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016 ("In contrast, Defendant will suffer significant hardship if the case is not stayed because it will be required to defend a large putative class action – engaging in expensive discovery and possibly class certification briefing – that may be rendered moot and unnecessary within the next six months by the *Spokeo* decision."); *Davis v. Nationstar Mortg., LLC*, No. 15-CV-4944, 2016 WL 29071, at *4 (E.D. Pa. Jan. 4, 2016 ("Defendants, by contrast, could be prejudiced if forced to expend substantial resources in litigation only for *Spokeo* to rule that this Court lacks jurisdiction to resolve this case."). If a stay is denied, Defendant will be forced to fully litigate this case, all while the Supreme Court could make the entire case moot.

On balance, the harm suffered by the denial of a stay outweighs the prejudice (if any) suffered by Plaintiff if the stay is granted. In fact, rather than harm parties by the issuance of any stay, a stay benefits all parties by preventing unnecessary upfront class action litigation expenses for Plaintiff and a costly defense for Defendant. *See*, *Seefeldt*, 441 F. Supp. 3d at 779 ("This rubric favors a stay [based on potential invalidation of the TCPA] for the benefit of both parties, as well as this Court."). This is particularly true when the Supreme Court's ruling could dispose of this case. *See*, *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (noting the possibility that a party's claims will moot the litigation is "sufficient to warrant the stay"); *Waltman v. Dorel Juvenile Grp., Inc.*, No. 07-04029, 2009 WL 2877153, at *2 (E.D. Pa. Aug. 28, 2009) ("While the Court cannot predict with certainty how the Superior Court and/or the Supreme Court

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

of Pennsylvania will rule, the possibility that either court may rule that the release is valid, a ruling would be dispositive of this entire case, is sufficient justification to warrant the stay.").

On balance, the first and second factors relevant to a stay analysis weight in favor of granting a stay in this case. Prejudice, if any, to Plaintiff is minimal if a stay is granted. Defendant, however, will be significantly prejudiced if it is required to unnecessarily bear the burden of costly class action litigation, all while a pending case before the Supreme Court could dispose of this action. Accordingly, Defendant's motion for stay should be granted.

2.   The Interests of Judicial Economy Weigh in Favor of a Stay Pending the Outcome in *Duguid*.

The third and final *Hall* factor (the orderly course of justice) also weighs in favor of a stay. As an initial matter, this case is still in its infancy. The Complaint has been filed. Only limited discovery has occurred, and Plaintiff and Defendant are currently negotiating the scope of a 30(b)(6) deposition of Defendant. This stay is still manageable for the parties and the Court. *See*, *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015).

Moreover, the interpretations of what constitutes an ATDS and whether the third-party vendor utilized by Defendant was utilizing an ATDS will be a central issue in this case. The Supreme Court has heard oral arguments on the matter and will shortly decide whether an ATDS definition of "capacity" is expansive or restrictive. Should the motion be denied, the Court will certainly need to address issues related to class and discovery-related motions, and potentially cross dispositive motions – all while the Supreme Court could issue a ruling that is dispositive of the case. As the Eastern District of Missouri recognized, a stay is appropriate under the circumstances to "avoid exhausting judicial resources to decide things like defendants'

MOTION TO STAY PROCEEDINGS - 8

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

multifaceted motion to dismiss, plaintiff's pending motion for class certification, and any possible discovery related matters or summary judgment motions to follow which may prove fruitless. A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action." *Seefeldt*, 441 F. Supp. 3d at 779.

Under the circumstances, the orderly course of justice is simplified by a stay of proceedings so the Supreme Court can issue its ruling in *Duguid* and provide a roadmap for the parties and the Court to follow. *See*, *In re Sprouts Farmers Mkt.*, No. MDL-16-02731, 2017 WL 3051243, at *3 (D. Ariz. May 24, 2017) ("The Court finds that a stay is in the orderly course of justice, and in the interest of judicial economy, because the Supreme Court's *Morris* decision may foreclose Plaintiff's class claims. Thus, granting a stay may conserve resources which could be unnecessarily expended reviewing the adequacy of the pleadings, resolving discovery disputes, considering class certification, and deciding dispositive motions.").[1] Therefore, on balance, the orderly course of justice weight in favor of a stay so that the Supreme Court can simplify matters in this case and, potentially, dispose of this case entirely.

      3.    <u>The Weight of Authority in the Ninth Circuit Weighs in Favor of a Stay Pending Resolution of the Definition of ATDS in *Duguid*.</u>

This Court need not look at analogous cases in order to grant the stay. The weight of authority within the Ninth Circuit favors issuance of stays on TCPA cases until *Duguid* is decided.

---

[1] *See also*, *Cmty. State Bank v. Strong*, 651 F.3d 1241 (11th Cir. 2011) (noting that the court had previously "stayed its . . . proceedings" in the case "to await the Supreme Court's decision in *Vaden* [*v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173 L. Ed. 2d 206 (2009)], which raised a substantially similar jurisdictional question"); *Ass'n for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting that the "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, No. 11-0590, 2012 WL 2357745, at *2-3 (N.D. Ala. 2012); *accord*, *Anker v. Wesley*, 670 F. Supp. 2d 339, 341 (D. Del. 2009) (proceedings stayed after Supreme Court's grant of certiorari in relevant case); *Henderson v. Campbell*, No. 98-4837, 2007 WL 781966, at *3 (N.D. Cal. 2007) (same), *aff'd*, 322 F. App'x 551 (9th Cir. 2009); *Odneal v. Dretke*, 435 F. Supp. 2d 608, 611 (S.D. Tex. 2006) (same), *rev'd in part on other grounds*, 324 F. App'x 297 (5th Cir. 2009) (per curiam); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831-33 (N.D. Ohio 2004).

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

*See*, *e.g.*, Order, *Jensen v. Roto-Rooter Servs. Co.*, No. C20-0223-JCC, 2020 U.S. Dist. LEXIS 85374 (W.D. Wash. May 14, 2020) (granting stay of TCPA case after Defendant argued the application of three Supreme Court cases, including *Duguid*); Order, *Jensen v. Roto-Rooter Servs. Co.*, No. C20-0223-JCC (W.D. Wash. Aug. 20, 2020) (extending stay based on *Duguid* specifically); Order Granting Motion to Stay, *Borden v. eFinancial LLC*, No. C19-1430JLR, 2020 WL 7324815 (W.D. Wash. Oct. 16, 2020) (granting stay in TCPA case based on question presented in *Duguid*); Order, *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 WL 5249263 (D. Ariz. Sept. 3, 2020) (same); Order, *Head v. Citigroup Inc.*, No. CV-18-08189-PCT-DLR, 2020 WL 6198950 (D. Ariz. Sept. 22, 2020) (same); Order, *Berrow v. Navient Solutions LLC*, No. CV-20-01342-PHX-SMB, 2020 WL 8267706 (D. Ariz. Dec. 16, 2020) (same); Order, *Winters v. Loan Depot LLC*, No. CV-20-01290-PHX-SPL, 2020 WL 8254053 (D. Ariz. Oct. 28, 2020) (same); Order, *Declements v. Americana Holdings LLC*, CV-20-00166-PHX-DLR, 2020 WL 8181702 (D. Ariz. Dec. 4, 2020) (same);  *Aleisa v. Square, Inc.*, 20-CV-00806-EMC, 2020 WL 5993226 (N.D. Cal. Oct. 9, 2020) (same, ***and noting cases further advanced than it were also stayed***);  *Sealey v. Chase Bank (U.S.A.), N.A.*, 19-CV-07710-JST, 2020 WL 5814108 (N.D. Cal. Sept. 29, 2020) (same); *Saunders v. Sunrun, Inc.*, 19-CV-04548-HSG, 2020 WL 6342937 (N.D. Cal. Oct. 29, 2020); *Trim v. Mayvenn, Inc.*, 20-CV-03917-MMC, 2020 WL 6460543 (N.D. Cal. Nov. 3, 2020); *Hoffman v. Jelly Belly Candy Co., Inc.*, 2:19-CV-01935-JAM-DB, 2020 WL 5239884 (E.D. Cal. June 26, 2020) (granting stay due to issues in AAPC, and noting the Supreme Court may take up the issue in *Duguid* given the circuit split as an additional reason to issue the stay);  *Veytia v. Portfolio Recovery Assocs.*, LCC, 20-CV-0341-GPC-MSB, 2020 WL 5257881 (S.D. Cal. Sept. 3, 2020) (granting joint motion to stay pending outcome in *Duguid*); *Skulevold v. SD&A Teleservices, Inc.*, 220CV2771ABJCX, 2020 WL 7711834 (C.D. Cal. Nov.

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

18, 2020) (granting stay pending outcome in *Duguid*); *Blower v. Portfolio Recovery Assocs., LLC*, 19-CV-02270-BAS-LL, 2020 WL 5223544 (S.D. Cal. July 23, 2020) (granting joint motion for stay pending *Duguid*); *Whattoff-Hall v. Portfolio Recovery Assocs., LLC*, 319CV02267CABMSB, 2020 WL 5223546 (S.D. Cal. July 23, 2020) (same); *Wilson v. Rater8, LLC*, 20-CV-1515-DMS-LL, 2021 WL 347306 (S.D. Cal. Feb. 2, 2021) (granting stay pending outcome in *Duguid*); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 11MD02295 JAH - BGS, 2020 WL 5223545 (S.D. Cal. July 27, 2020) (same); *Hoagland v. Axos Bank*, 19-CV-00750-BAS-DEB, 2020 WL 5223547 (S.D. Cal. July 27, 2020) (granting joint motion for stay pending *Duguid*); *Odeh-Lara v. Synchrony Bank*, CV192446PSGAGRX, 2020 WL 6436963 (C.D. Cal. Sept. 30, 2020) (granting stay pending outcom in *Duguid*); *Fabricant v. Wavve Mktg. Corp*, CV 20-1619 PSG (SKX), 2020 WL 7380142 (C.D. Cal. Oct. 14, 2020) (same).[2]

The definition of an ATDS is central to this case, and judicial economy favors a stay (or, in the alternative, limitation of discovery to the capabilities of the ATDS at issue pending the outcome in *Duguid*, followed by motions practice related to the same).

## V.     CONCLUSION

This Court should stay all proceedings pending the Supreme Court's decision in *Duguid*. The Supreme Court is positioned to simplify the issues in this case considerably concerning what constitutes an ATDS, a decision that holds the potential to be dispositive if the FCCs interpretation "capacity" is narrowed. In sum, the balance of the relevant factors weight in favor of a stay. Likewise, the weight of authority also weighs in favor of a stay.

/

/

---

[2] Plaintiff's counsel, Kazerouni Law Group, were also counsel in the following cases noted above: *Aleisa v. Square, Inc.* and *Winters v. Loan Depot LLC.;*

MOTION TO STAY PROCEEDINGS - 11

**gleam law, pllc**
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

DATED this 25th day of February, 2021.

/s/ Justin P. Walsh
Justin P. Walsh, WSBA No. 40696

Justin P. Walsh, WSBA No. 40696
GLEAM LAW, PLLC
605 1st Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596
justin@gleamlaw.com

/s/ Wright A. Noel
Wright A. Noel, WSBA No. 25264

/s/ Stacy Goodman
Stacy Goodman, WSBA No. 39287

Wright A. Noel, WSBA No. 25264
Stacy Goodman, WSBA No. 39287
CARSON & NOEL PLLC
20 Sixth Ave. NE
Issaquah, WA 98027
P: (425) 837-4717
F: (425) 837-5396
wright@carsonnoel.com
stacy@carsonnoel.com

Of Attorneys for Defendants Have a Heart Compassion Care, Inc. d/b/a A Cannabis Storey

MOTION TO STAY PROCEEDINGS - 12

gleam law, pllc
605 First Avenue, Ste 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

Abbas Kazerounian                    *Attorney for Plaintiff*        [  ] Via Messenger
KAZEROUNI LAW GROUP, APC                                            [X] Via Email
56608 17th Avenue NW, No. 891                                       [  ] Via Certified Mail
Seattle, WA 98107                                                    [X] Via U.S. Mail
ak@kazlg.com                                                         [X] Via E-Service


DATED this 25th day of February, 2021.



/s/ Deanna Nylund
Deanna Nylund

MOTION TO STAY PROCEEDINGS - 13