UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNE LEVITT, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAVE A HEART COMPASSION CARE, INC. d/b/a A CANNABIS STOREY<br><br>Defendant. | NO. 2:20-CV-01154<br><br>JOINT MOTION TO LIFT STAY |

## I.   INTRODUCTION

COME NOW the Parties, Plaintiff Anne Levitt, by and through her counsel of record, Ryan L. McBride and Abbas Kazerounian of Kazerouni Law Group, APC, and Have a Heart Compassion Care, by and through its counsel of record, Justin P. Walsh of Gleam Law, PLLC, and hereby make this joint motion to lift the stay due to the United States Supreme Court's ruling in *Facebook, Inc. v. Duguid*, ___ U.S. ___, ___ S. Ct. ___, ___ L. Ed. 2d ___, *Inc.* (2021). A copy of the opinion is attached hereto as Appendix A.

## II.   PROCEDURAL HISTORY

On March 18, 2021, this Court stayed the current matter pending the outcome of the United States Supreme Court's ruling in *Facebook v. Duguid*. The Supreme Court answered the

JOINT MOT. TO LIFT STAY OF PROCEDINGS - 1

CARSON | NOEL
PLLC

20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

following questions regarding the requirements for an "autodialer" under the TCPA.

> 2. Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

*Facebook vs. Duguid*, ___ U.S. ___ , 2020 WL 3885252 (July 9, 2020) (granting certiorari); Petition for Writ of Certiorari, *Duguid*, ___ U.S. ___ (No. 19-511) (Oct. 17, 2019).

The Supreme Court held that, in order to be considered an autodialer under the TCPA, the equipment at issue must include either the storage, or the dialing, of telephone numbers utilizing a random or sequential number generator:

> In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator.
> . . .
> The statutory context confirms that the autodialer definition excludes equipment that does not "us[e] a random or sequential number generator." 47 U.S.C. § 227(a)(1)(A).
> . . .
> We hold that a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Duguid*, ___ U.S. at *5-7.

### III. DEFENDANT'S SUGGESTED ADJUSTMENTS TO THE CASE SCHEDULE.

In light of the Supreme Court's ruling in *Duguid*, Defendant's suggest that the case be bifurcated to allow for discovery and ruling on the issue of whether an "autodialer" was used by Defendants in this case. That question is dispositive of the entire case.

The Supreme Court's ruling considerably alters the status of this class action case. The machines used in this case to send text messages did not utilize a system that stores or produces numbers using a sequential number generator or random number generator. Rather, those systems utilize

numbers that are provided by the customer of the vendor. Certainly, plaintiffs are entitled to obtain discovery on that issue.

As such, bifurcation of this case is appropriate to allow discovery and motions practice solely related to the issue of whether an autodialer has been utilized in this case. If an autodialer was used, the case can then proceed to determine the class certification issue and if appropriate, trial.

FED. R. CIV. P. 42(b) permits the bifurcation of proceedings to separate issues for purposes of expeditiousness and economy. The decision to bifurcate proceedings is within the sound discretion of the district court. *See*, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Karpenski v. Amer. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188 (W.D. Wash. 2012) (quoting *Drennan v. Maryland Casualty Co.*, 366 F.Supp.2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985))).

Given the Supreme Court's ruling, the issue of whether any of Defendant's vendors utilized an autodialer will hinge on the narrow standard of whether those vendors utilized a sequential or random number generator. If they did not, liability under the TCPA does not attach and the case should be dismissed. The resolution of this single issue is dispositive making this case "particularly appropriate" for bifurcation. *See*, *supra*.

Defendant proposes that limited discovery be conducted into those vendors utilized by Defendant's marketing vendors solely to determine whether such systems "store or produce numbers to be called" utilizing a "random or sequential number generator." Defendant proposes such discovery should be completed within three months of lifting of the stay, and that a

JOINT MOT. TO LIFT STAY OF PROCEDINGS - 3



20 Sixth Ave NE, Issaquah, WA 98027
P. 425.837.4717   |   F. 425.837.5396

summary judgment on the issue may be filed by Defendant within five months of the lifting of the stay. Should summary judgment not be appropriate, the course may continue along a standard case schedule, to be issued jointly with any order on summary judgment, or upon the lapsing of the time to file a motion for summary judgment on the issue, without such motion having been filed.

IV.     PLAINTIFF'S SUGGESTED ADJUSTMENTS TO THE CASE SCHEDULE

Plaintiff does not believe discovery should be bifurcated in this case because it would be inefficient. The parties have already engaged in written discovery with each other and with a third party vendor as to *all* of the issues in the case. To bifurcate the case now would not make sense. Plaintiff suggests a six (6) month discovery period to be able to obtain the additional information needed from Defendant and the third party vendor, to take depositions of Defendant's 30(b)(6) representative and the third party vendor's representative, and to complete expert discovery. Plaintiff further suggests a deadline of 60 days after the discovery deadline for the parties to file dispositive motions and for Plaintiff to file a class certification motion.

V.     CONCLUSION

For the foregoing reasons, the Parties jointly request the stay on this matter be lifted, and the Court enter appropriate case management guidelines within its discretion given the Supreme Court's ruling.

DATED this 15th day of April, 2021.

| | |
|---|---|
| /s/ Justin P. Walsh | /s/ Ryan L. McBride |
| Justin P. Walsh, WSBA No. 40696 | Ryan L. McBride, CA Bar No. 297557 |
| | |
| Justin P. Walsh, WSBA No. 40696 | Ryan L. McBride, Esq. CA Bar No. 297557 |
| GLEAM LAW, PLLC | KAZEROUNI LAW GROUP, APC |
| 605 1st Avenue, Suite 330 | 2633 E. Indian School Road, Suite 460 |
| Seattle, WA 98104 | Phoenix, AZ 85016 |
| P: (206) 693-2900 | P: (800) 400-6808 |
| F: (206) 319-4596 | F: (800) 520-5523 |
| justin@gleamlaw.com | ryan@kazlg.com |
| | |
| /s/ Wright A. Noel | /s/ Abbas Kazerounian |
| Wright A. Noel, WSBA No. 25264 | Abbas Kazerounian, WSBA No. 45822 |
| | |
| /s/ Stacy Goodman | Abbas Kazerounian, WSBA No. 45822 |
| Stacy Goodman, WSBA No. 39287 | KAZEROUNI LAW GROUP, APC |
| | 5608 17th Ave. NW, No. 891 |
| Wright A. Noel, WSBA No. 25264 | Seattle, Washington 98107 |
| Stacy Goodman, WSBA No. 39287 | T: (800) 778-2065 |
| CARSON & NOEL PLLC | F: (800) 520-5523 |
| 20 Sixth Ave. NE | ak@kazlg.com |
| Issaquah, WA 98027 | |
| P: (425) 837-4717 | Of Attorneys for Plaintiff Anne Levitt |
| F: (425) 837-5396 | |
| wright@carsonnoel.com | |
| stacy@carsonnoel.com | |

Of Attorneys for Defendants Have a Heart Compassion Care, Inc. d/b/a A Cannabis Storey

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| Abbas Kazerounian<br>KAZEROUNI LAW GROUP, APC<br>56608 17th Avenue NW, No. 891<br>Seattle, WA 98107<br>ak@kazlg.com | *Attorney for Plaintiff* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Certified Mail<br>[ ] Via U.S. Mail<br>[X] Via E-Service |

DATED this 15th day of April, 2021.

/s/ Dana Carrothers
Dana Carrothers